HARRY J. THOUROT AND PETER LA MORT, PLAINTIFFS,
v. THE BOARD OF CHOSEN FREEHOLDERS OF THE
COUNTY OF HUDSON AND FRANK J. RADIGAN, DE-
FENDANTS.

Superior Court of New Jersey
Law Division

Decided November 16, 1951.

348

*Mr. Nicholas S. Schloeder*, attorney for plaintiffs.

*Mr. Daniel T. O'Regan*, attorney for the County of Hudson.

PROCTOR, J. S. C. This matter is before the court in two phases. The plaintiff Thourot moved to have his suspension set aside for the reason that the defendant board has failed to supply Thourot with a bill of particulars of charges filed before it against Thourot. Counsel for the county informed the court that the board would not supply a bill of particulars to the plaintiff and upon that representation the defense in this action was suppressed. Thereafter, Joshua Ringle, a taxpayer of Hudson County, moved to intervene to defend the county in this suit.

## 1. ON RINGLE'S MOTION TO INTERVENE

I am not unmindful of *R. S.* 2:27–33, although it was not brought to my attention by any of the parties. That statute permits a taxpayer and resident of the county to intervene to defend an action brought against the county if in the opinion of the court the interests of the county would be promoted thereby. In view of the peculiar circumstances of this case,

which has to do with charges to be heard not by this court but by the board of freeholders as a statutory tribunal, it is the court's opinion that Ringle should not be permitted to intervene in this suit. This court, in the first instance, does not try the charges against Thourot. That is the statutory function of the board of freeholders. The fact the board of freeholders has not furnished a bill of particulars to the plaintiff herein does not affect its power to prefer and hear charges. Moreover, in view of the court's disposition of the matter, as will hereafter appear, Ringle's intervention is unnecessary and would result only in delay.

## 2. On Thourot's Motion for Setting Aside His Suspension

The fact that the court has suppressed the defense of the county does not relieve Thourot of the necessity of establishing his rights to the relief demanded under his complaint. The complaint as supplemented consists of four counts. It was admitted by all parties that the first two counts have become moot. The third count alleges that on February 8, 1951, the defendant passed a resolution suspending plaintiff, Thourot, as county engineer and charges that the resolution was *ultra vires* and void. The fourth count states that on March 8, 1951, the defendant passed a resolution purporting to bring charges against plaintiff as county engineer and asserts that the defendant board is without jurisdiction to hear the charges; that the charges are palpably defective; that even if the board had jurisdiction the same is merely colorable; that paragraph 6 of said resolution referring to Thourot's suspension is *ultra vires* and void. Plaintiff Thourot demands that the resolutions be set aside and that the board be permanently enjoined from hearing the charges.

It is to be noted that the only matter before the court is the validity of the resolutions at the time of their passage. I am not impressed by the allegation that the charges are palpably defective. It may well be that these charges cannot be sub-

stantiated. However, I cannot say that the jurisdiction of the board of freeholders is "merely colorable."

It is the court's opinion that under *R. S.* 27:14–25 the board has power to prefer charges to be heard. before itself and, after a proper hearing, to dismiss the county engineer for "incompetency, neglect, disability or other cause" upon due proof of the charges preferred by itself. The greater power to dismiss includes the lesser power to suspend. See *Vanderbach v. Hudson County Board of Taxation,* 133 *N. J. L.* 126, at 130 (*E. & A.* 1945). However, the order suspending Thourot should not prejudice him in any way; he is entitled to a fair hearing, with the presumption of innocence in his favor. Nor should he be suspended indefinitely, for such a suspension, without the statutory hearing, would be equivalent to a removal in violation of the above statute. See *Vanderbach v. Hudson County Board of Taxation, supra.* If, after a proper hearing, he were found guilty of the charges, it would then be the duty of the board of freeholders to remove him at once.

Thourot, of course, is not without a means of relief. If he feels that the power of the board has been abused or arbitrarily exercised, he may by appropriate action seek to compel his restoration to the position of county engineer. See *Leeds v. Atlantic City,* 52 *N. J. L.* 332 (*Sup. Ct.* 1890). Plaintiff, within 20 days, may file an appropriate supplement or amendment to the complaint.